Chief Judge KOZINSKI,
concurring in the result:
Once again, we’re asked to consider whether a petitioner may file an untimely writ of habeas corpus by making a showing of actual innocence. Some day we may have to take up this issue, but not today. By no stretch of the imagination does Lee present a colorable claim of actual innocence. We therefore have no occasion to consider whether his late filing can be equitably tolled under AEDPA.
Lee presents an expert opinion, other evidence about Cheryll and Larry Lee and a police report to rehash claims made at trial. But to pass through the Schlup gateway, a petitioner must show reliable evidence of his innocence that was not, and could not have been, presented at trial. Schlup v. Delo, 513 U.S. 298, 324-28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). This is a high threshold that is rarely met. Id. Lee comes nowhere close.
Schlup pointed out three types of evidence that would pass the threshold of reliability: exculpatory scientific evidence, trustworthy eyewitness accounts and critical physical evidence. Id. By enumerating *946 the categories of evidence that could prove innocence, the Supreme Court made clear that less reliable kinds of evidence cannot support an actual innocence claim. The Court certainly did not hold that a petitioner may invoke Schlup whenever he wants a trial do-over.
For Lee to pass through the Schlup gateway, he must persuade us that every juror would have voted to acquit him. Id. at 327, 115 S.Ct. 851. Lee has failed to show that even a single juror would have changed his mind. If what Lee presents here is enough, the Schlup gateway becomes more of a welcome mat. This would eviscerate the doctrine of abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).
We should leave the question of equitable tolling to a case where petitioner presents the kind of evidence that could trigger a Schlup inquiry. Because Lee does not meet the required evidentiary threshold, there’s no reason — or justification — for us to decide whether a petitioner with a credible claim of innocence would receive the benefit of equitable tolling.